UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN F. ROBINSON, | |
| Plaintiff, | Case No. 22-cv-10751 |
| | Honorable F. Kay Behm |
| v. | Magistrate Judge Elizabeth A. Stafford |
| BRIAN FARLIN, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION TO SUA SPONTE DISMISS THE
ACTION AND TO DENY AS MOOT ROBINSON'S
MOTIONS TO RELEASE HIS CAR
(ECF NOS. 29, 43)**

## I.     Introduction

Plaintiff Calvin F. Robinson filed this pro se civil rights action under 42

U.S.C. § 1983, alleging that Defendants Brian Farlin, Jeff Storms, and J.

Diem, officers of the Genesee County Metro Police Authority, unlawfully

searched, seized, and impounded the car he was driving in violation of the

Fourth Amendment.  ECF No. 19.  He seeks $90,000 in compensatory

damages and an injunction to release the car.[1]  *Id.*  The Honorable F. Kay

---

[1] As defendants note, Robinson is not the registered owner of the car.  ECF
No. 30-3.  Robinson claims that he has a conditional installment sale
contract to buy the car.  ECF No. 35, PageID.147.

Behm referred the case to this Court for all pretrial matters under 28 U.S.C.
§ 636(b)(1).  ECF No. 45.

Robinson moved to release the car from impoundment.  ECF No. 29;
ECF No. 43.  The Court issued reports and recommendations to dismiss
the case under the *Younger*[2] abstention doctrine and to deny Robinson's
motions as moot, as he faced ongoing state-court criminal charges related
to the search and seizure of the car.  ECF No. 36; ECF No. 46.  Noting that
the criminal proceedings were recently closed, Judge Behm remanded the
case to the undersigned for further consideration.  ECF No. 47.  The Court
ordered Robinson to show cause why his claims were not barred under
*Heck v. Humphrey*, 512 U.S. 477 (1994).  ECF No. 48.  Robinson
responded.  ECF No. 49.  The Court **RECOMMENDS** that the case be sua
sponte **DISMISSED** under the *Heck* doctrine and for failure to state a claim,
and that Robinson's motion to release the car be **DENIED** as moot.

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

2

## II.   Background[3]

Storms responded to an alleged domestic assault in February 2022, and the complaining witness informed him that Robinson assaulted her, stole her phone and cash, and fled in his car.  ECF No. 30-2, PageID.105. Storms tracked Robinson's car to a restaurant, and Diem told Storms and Farlin to take Robinson into custody and impound the car.  *Id.*, PageID.102, 105; ECF No. 19, PageID.44.  At the restaurant, Farlin identified Robinson sitting in the car and looking at a phone matching the description of the complaining witness's phone.  ECF No. 30-2, PageID.102.  Farlin arrested Robinson, completed an inventory search of the car, and had it impounded. ECF No. 19, PageID.44; ECF No. 30-2, PageID.102.  Robinson was charged in Genesee County Circuit Court with home invasion, domestic violence, and larceny.  *State of Michigan v. Calvin Robinson*, No. 2022-0000049750-FH.[4]  He pleaded *nolo contendre* to the charges and was sentenced to five years' probation in May 2023.  *Id.*

---

[3] Much of this section is drawn from police reports referenced in the complaint and public records.  *See* ECF No. 19, PageID.44.  As stated below, the Court may consider those records at this pleading stage.

[4] *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=637518 (last visited July 7, 2023).

### III.    Analysis

### A.

Robinson was granted leave to proceed without prepayment of the filing fee for this action due to his indigence.  ECF No. 6.  Under 28 U.S.C. § 1915(e)(2)(B), the Court has an obligation to screen suits when the plaintiff is proceeding in forma pauperis and to dismiss the action sua sponte if it fails to state a claim, is frivolous, or seeks monetary relief from immune defendants.  *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

4

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at 678.  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Although the plausibility of a complaint is usually assessed on the face of the complaint, a court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  And "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."  *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007); *see also Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997.  Police reports that are referenced in and central to the plaintiff's complaint are among the documents that a court may consider

5

when deciding whether a claim is plausible.  *See Courser v. Allard*, 969 F.3d 604, 620 (6th Cir. 2020); *Courser v. Mich. House of Representatives*, 404 F. Supp. 3d 1125, 1145 n.8 (W.D. Mich. 2019), *aff'd*, 831 F. App'x 161, 170 n.4 (6th Cir. 2020).  And the Court may consider the public records of the criminal proceedings against Robinson.  *See Com. Money*, 508 F.3d at 336.

**B.**

Robinson alleges that defendants' search and impoundment of the car were unreasonable under the Fourth Amendment because they lacked probable cause.  ECF No. 19, PageID.42-44.  As noted above, he seeks monetary damages and an injunction to release the car.  *Id.*  The alleged injury that would support monetary damages is unclear.  Regardless, Robinson's claims are not viable.

**1.**

If Robinsons alleges that the unreasonable search and seizure of the car injured him by leading to his conviction or sentence, that claim is barred under the *Heck* doctrine.  Under *Heck*, a § 1983 suit where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" must be dismissed unless the plaintiff shows that the conviction or sentence has been invalidated.  512 U.S. at 486-87.

6

A footnote in *Heck* cites an example of a § 1983 claim that might not be barred:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.  Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.  In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned).

*Id.* at 487 n.7 (cleaned up).  Citing a Seventh Circuit opinion, Robinson argues that some courts have interpreted this language to mean there is a general exception to the *Heck* doctrine for Fourth Amendment unreasonable search claims.  ECF No. 49, PageID.219.

But when addressing whether there is a Fourth Amendment exception to *Heck*, the Sixth Circuit rejected the Seventh Circuit precedent and held that "any exception is no longer good law."  *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).  The *Schilling* court found that "[t]he language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit."  *Id.*  In a later

unpublished opinion, a panel of the Sixth Circuit contradicted *Schilling* and said that courts must "assess on a case-by-case basis whether a favorable Fourth Amendment judgment would impugn the validity of an outstanding conviction."  *Harper v. Jackson*, 293 F. App'x 389, 391-92 (6th Cir. 2008). The *Harper* court said that "*Heck* bars § 1983 Fourth Amendment claims where the contested search produced the *only* evidence supporting the conviction and no legal doctrine could save the evidence from exclusion." *Id.* at 392 (emphasis in original).  Relying on similar authority from other circuits, Robinson argues that his claim does not necessarily imply the invalidity of his conviction because the complaining witness's testimony and other evidence could have led to his conviction and sentence.  ECF No. 49, PageID.219.

But *Schilling* controls because it was decided before *Harper* and because *Harper* is an unpublished opinion.  *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (earlier published Sixth Circuit opinion controlled rather than later contradictory opinion published by another panel of the Sixth Circuit); *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003) ("[W]e are bound by the published opinions of previous panels, and this rule encompasses all parts of a prior ruling that are properly construed as holdings rather than dicta."); *Salamalekis v.*

*Comm'r of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir. 2000) (finding Sixth Circuit opinion "not binding precedent because the opinion is unpublished.").

Under *Schilling*, a plaintiff must show an "actual, compensable injury" distinct from a conviction or sentence that was caused by the unlawful search or seizure.  *Bell v. Raby*, No. 99-72917, 2000 WL 356354, at *6 (E.D. Mich. Feb. 28, 2000); *see also Youngblood v. Wengrowski*, No. 2:23-cv-10079, 2023 WL 3212336, at *2 (E.D. Mich. May 2, 2023) ("[T]o recover compensatory damages based on allegedly unreasonable search or seizure, a § 1983 plaintiff must prove not only that search or seizure was unlawful, but that it caused him or her actual, compensable injury, which does not encompass the injury of being convicted and imprisoned, until his conviction has been overturned.").

Robinson challenges the constitutionality of the search that led to the discovery of the complaining witness's phone, which in turn led to his larceny conviction and sentence.  *Schilling* similarly involved a plaintiff challenging the constitutionality of officers' search of his car, which revealed suspected drugs.  58 F.3d at 1082-83.  The plaintiff had pleaded guilty to driving under the influence of drugs, a conviction that had not been overturned.  *Id.*  The Sixth Circuit affirmed dismissal under the *Heck*

9

doctrine, reasoning that since the plaintiff sought damages relating to his conviction, "no cause of action exists until [his] conviction is legally eliminated." *Id.* at 1086-87.

If Robinson's Fourth Amendment claims are for damages related to his conviction and sentence, which have not been overturned, they are barred under *Heck* and his complaint should be dismissed.

**2.**

Robinson contends in his response brief that he does not seek to invalidate his sentence; instead, he challenges defendants' search and impoundment of the car and seeks its release.  ECF No. 49, PageID.217. As relief for the allegedly illegal search and seizure, Robinson seeks damages and the return of the car.  ECF No. 19, PageID.45.  Defendants counter that neither they nor their department possess the car, so Robinson's request for return of the car from them cannot be granted.  ECF No. 30, PageID.88-89.  In response, Robinson argues that defendants should have to pay the fines and cost to release the car from the tow yard. ECF No. 31, PageID.123.  Robinson's requests for relief should be denied because he states no plausible claim that defendants violated the Fourth Amendment when they searched and seized the car.

10

The Fourth Amendment protects against unreasonable searches and seizures of one's person, house, papers, and effects.  U.S. Cont. amend. IV.  And generally, a search or seizure is unreasonable "if it is not conducted pursuant to a warrant issued upon probable cause."  *Liberty Coins, LLC v. Goodman*, 880 F.3d 274, 280 (6th Cir. 2018).  But "[u]nder the automobile exception, police officers may conduct a warrantless search of a vehicle if they have probable cause to believe that the vehicle contains evidence of a crime."  *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007) (cleaned up).  Probable cause exists if officers have "reasonable grounds for belief, supported by less than *prima facie* proof but more than mere suspicion."  *Id.* at 648 (cleaned up).  Courts must judge probable cause based on the totality of the circumstances and the "objective facts known to the officers at the time of the search."  *Id.* (cleaned up).

The search of the car was supported by probable cause.  Storms located Robinson at a restaurant by using the complaining witness's phone finder application.  ECF No. 30-2, PageID.105.  Storms advised Farlin of the location and that Robinson was driving a white Dodge Dart.  *Id.*, PageID.102.  When Farlin arrived, he saw Robinson in a white Dodge Dart looking at a phone matching the description of the complaining witness's phone.  *Id.*  Farlin approached the car and identified Robinson based on a

photograph.  *Id.*  Farlin ordered Robinson out of the car, but Robinson

began moving items around inside the car before eventually exiting.  *Id.*  At

that point, Farlin had probable cause to believe that the car contained the

complaining witness's stolen phone and cash, so the search was

constitutional.  Finding otherwise would suggest that Robinson's conviction

for stealing the items was invalid, in violation of *Heck*.

The search and impoundment of the car were also constitutional

under the inventory search exception to the Fourth Amendment's warrant

requirement.  An inventory search occurs when property is "'lawfully seized

and detained, in order to ensure that it is harmless, to secure valuable

items (such as might be kept in a towed car), and to protect against false

claims of loss or damage.'"  *United States v. Snoddy*, 976 F.3d 630, 633-34

(6th Cir. 2020) (quoting *Wren v. United States*, 517 U.S. 806, 811 n.1

(1996)).  "A vehicle is lawfully seized and, thus, subject to an inventory

search if it is lawfully impounded."  *Id.* at 634.  An impoundment must

adhere to standard police procedures and may not be undertaken solely to

investigate suspected criminal activity.  *Id.*  Put differently, "officers cannot

hide an investigative search under the pretext of an inventory search."  *Id.*

But "the mere fact that an officer suspects that contraband may be found in

12

a vehicle does not invalidate an otherwise proper inventory search." *Id.*
(cleaned up).

As Robinson alleges, Diem instructed Storms and Farlin to impound
the car because it was used in the suspected larceny.  ECF No. 19,
PageID.44; ECF No. 30-2, PageID.105.  Robinson disputes whether the
car was used in the commission of a crime.  ECF No. 31, PageID.118-119.
But using a car to flee the scene of a suspected crime is enough.  *See
Hammond v. City of Troy*, No. 15-12051, 2015 WL 4276098, at *1-2 (E.D.
Mich. July 6, 2015), *adopted*, 2015 WL 4276115 (E.D. Mich. July 14, 2015).
When, as here, reasonable cause supports the belief that a car was used in
a crime, impoundment of the car is authorized under Mich. Comp. Laws
§ 257.252d(1)(e).  *Id.* at *2.  That section states:

> A police agency may provide for the immediate removal of a
> vehicle from public or private property to a place of safekeeping
> at the expense of the last titled owner of the vehicle if the
> vehicle must be seized to preserve evidence of a crime, or if
> there is reasonable cause to believe that the vehicle was used
> in the commission of a crime.

§ 257.252d(1)(e) (cleaned up).  The seizure and storage of Robinson's car
was lawful under this statute, "and hence not violative of the Fourth
Amendment."  *Hammond*, 2015 WL 4276098, at *3 (citing *Moosdorf v. Krot*,
No. 05-73033, 2006 WL 2644994, at *7 (E.D. Mich. Sept. 14, 2006)); *see*

*also White v. Britton*, No. 1:19-cv-262, 2020 WL 1159206, at \*2 (W.D. Mich. Feb. 14, 2020), *adopted*, 2020 WL 1157662 (W.D. Mich. Mar. 10, 2020).

In filings, Robinson alleges that the car was impounded contrary to police procedure.  ECF No. 31, PageID.122-123; ECF No. 43, PageID.201; ECF No. 49, PageID.220.  He cites a Genesee County procedure stating that if a car is legally parked, officers must offer to call a wrecker to tow it for safekeeping, which the driver may decline at his own risk.  ECF No. 31, PageID.126.

But Robinson made no claim in his amended complaint that defendants violated any standard police procedures.  ECF No. 19.  He noted that an inventory search must adhere to "established department procedures," but he alleged no violation of procedures.  ECF No. 19, PageID.44-45.  Parties cannot add pleadings through a response brief. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (plaintiffs "cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." (cleaned up)).  But even if the Court considered the new allegation, the procedure Robinson cites is inapplicable when, as he notes, the vehicle was "seized as evidence."  ECF No. 31, PageID.126; *see also* § 257.252d(1)(e) (permitting a car to be impounded

14

when there is "reasonable cause to believe that the vehicle was used in the commission of a crime.").

Last, Robinson's allegations do not show that Farlin's inventory search of the car was unconstitutional.  He does not allege that Farlin failed to follow procedure or that the inventory search was a pretext for investigating criminal activity.  ECF No. 19.  Thus, Robinson has failed to state a plausible Fourth Amendment claim based on the impoundment or inventory search.

## IV.   Conclusion

The Court **RECOMMENDS** that the case be sua sponte **DISMISSED** and that Robinson's motions for release of the car be **DENIED** as moot (ECF Nos. 29, 43).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 14, 2023

<u>**NOTICE TO THE PARTIES ABOUT OBJECTIONS**</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

16