UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN F. ROBINSON, | Case No. 22-10751 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| BRIAN FARLIN, *et al.*, | Elizabeth A. Stafford |
| | United States Magistrate Judge |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S JULY 14, 2023
REPORT AND RECOMMENDATION (ECF No. 50)**

**I.    PROCEDURAL HISTORY**

Plaintiff Calvin F. Robinson filed this pro se civil rights action under 42 U.S.C. § 1983, alleging that Defendants Brian Farlin, Jeff Storms, and J. Diem, officers of the Genesee County Metro Police Authority, unlawfully searched, seized, and impounded the car he was driving in violation of the Fourth Amendment. (ECF No. 19). He seeks $90,000 in compensatory damages and an injunction to release the car. *Id*. Robinson moved to release the car from impoundment. (ECF No. 29; ECF No. 43). Judge Stafford issued reports and recommendations to dismiss the case under the *Younger* abstention doctrine and to deny Robinson's motions as moot, as he faced ongoing state-court criminal charges related to the search and

seizure of the car. (ECF No. 36; ECF No. 46). Noting that the criminal proceedings were recently closed, the undersigned remanded the case to Judge Stafford for further consideration. (ECF No. 47). Judge Stafford ordered Robinson to show cause why his claims were not barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 48). Robinson responded. (ECF No. 49).

Currently before the Court is Judge Stafford's July 14, 2023 Report and Recommendation. (ECF No. 50). Judge Stafford recommends that this matter be dismissed for failure to state a claim on which relief may be granted, based on the application of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff, Calvin F. Robinson, filed objections to the report and recommendation. (ECF No. 52). Defendants did not respond.

## II.  REPORT AND RECOMMENDATION

The report and recommendation ably describes the factual background in this matter:

> Storms responded to an alleged domestic assault in February 2022, and the complaining witness informed him that Robinson assaulted her, stole her phone and cash, and fled in his car. ECF No. 30-2, PageID.105. Storms tracked Robinson's car to a restaurant, and Diem told Storms and Farlin to take Robinson into custody and impound the car. *Id.*, PageID.102, 105; ECF No. 19, PageID.44. At the restaurant, Farlin identified Robinson sitting in the car and looking at a phone matching the

2

> description of the complaining witness's phone. ECF No. 30-2, PageID.102. Farlin arrested Robinson, completed an inventory search of the car, and had it impounded. ECF No. 19, PageID.44; ECF No. 30-2, PageID.102. Robinson was charged in Genesee County Circuit Court with home invasion, domestic violence, and larceny. *State of Michigan v. Calvin Robinson*, No. 2022-0000049750-FH. He pleaded nolo contendre to the charges and was sentenced to five years' probation in May 2023. *Id*.

(ECF No. 50, PageID.226) (footnote omitted).

Under *Heck*, a § 1983 suit where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" must be dismissed unless the plaintiff shows that the conviction or sentence has been invalidated. 512 U.S. at 486-87. If Robinson alleges that the unreasonable search and seizure of the car injured him by leading to his conviction or sentence, that claim is barred under the *Heck* doctrine. Citing a Seventh Circuit opinion, Robinson argued before Judge Stafford that some courts have interpreted this language to mean there is a general exception to the Heck doctrine for Fourth Amendment unreasonable search claims. (ECF No. 49, PageID.219). But Judge Stafford countered in the report and recommendation that when addressing whether there is a Fourth Amendment exception to *Heck*, the Sixth Circuit rejected the Seventh Circuit precedent and held that "any exception is no longer good law."

3

*Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). The *Schilling* court found that "[t]he language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit." *Id*. Judge Stafford points out that under *Schilling*, a plaintiff must show an "actual, compensable injury" distinct from a conviction or sentence that was caused by the unlawful search or seizure. *Bell v. Raby*, No. 99-72917, 2000 WL 356354, at *6 (E.D. Mich. Feb. 28, 2000); *see also Youngblood v. Wengrowski*, No. 2:23-cv-10079, 2023 WL 3212336, at *2 (E.D. Mich. May 2, 2023) ("[T]o recover compensatory damages based on allegedly unreasonable search or seizure, a § 1983 plaintiff must prove not only that search or seizure was unlawful, but that it caused him or her actual, compensable injury, which does not encompass the injury of being convicted and imprisoned, until his conviction has been overturned."). As noted by Judge Stafford, if Robinson's Fourth Amendment claims are for damages related to his conviction and sentence, which have not been overturned, they are barred under *Heck* and his complaint should be dismissed.

Additionally, Judge Stafford concluded that the search was supported by probable cause, ECF No. 50, PageID.234-235, and that finding otherwise would suggests that Robinson's conviction for stealing the items was invalid, in violation

4

of *Heck*. (ECF No. 50, PageID.235). She further found that the search and impoundment was constitutional under the inventory search exception to the Fourth Amendment, ECF No. 50, PageID.235, and the car was used in the commission of a crime, ECF No. 50, PageID.236. Accordingly, Judge Stafford concluded that Robinson failed to state a plausible claim for a Fourth Amendment violation based on the impoundment or inventory search.

### III. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

**IV. ANALYSIS**

A. <u>Objection No. 1</u>

Robinson argues that Judge Stafford erred when she concluded that his vehicle was seized as evidence. (ECF No. 52, PageID.244). Instead, he says that his vehicle was impounded incident to arrest and held for safekeeping. *Id*.

6

Robinson argues that, under applicable county policy, Defendants should have offered to tow his car, which he would have refused, and then allowed the vehicle to be left at the scene. *Id*. Robinson maintains that Defendants acted contrary to established policy and procedure and, thus, the inventory search was unlawful. *Id*. Judge Stafford correctly pointed out that Robinson did not amend his complaint to allege any violation of standard procedure. (ECF No. 50, PageID.237).

Robinson relies on the Metro Police Authority of Genesee County Policy regarding vehicles involved in custodial arrests and argues that because he was legally parked in front of his lawyer's office, he should have been allowed to leave his vehicle there and arrange for someone else to pick it up. (ECF No. 31, PageID.126, Metro Police Authority of Genesee County Policy, VII.C.1 ("When a vehicle is lawfully parked and not turned over to a passenger, the office shall offer to call a wrecker to remove the vehicle for safekeeping. If the driver declines the offer, he or she will be presumed to have assumed the risk for any claims of loss or damage that may arise and the vehicle shall be left at the scene.")). However, Officer Storms had the vehicle was towed because it had been utilized in the crime of larceny. (ECF No. 19; ECF No. 30-2, PageID.105, Officer Diem case report, "I advised [Officer Storms] to go and pick the subject up and to tow the vehicle as

7

being utilized in the crime."). The exception identified by Robinson does not apply when a vehicle is seized as evidence. (ECF No. 31, PageID.126). Thus, even if Robinson had asserted a policy violation in his complaint, the policy does not appear to have been violated. Judge Stafford did not err when she concluded that the vehicle was impounded as evidence and this objection is overruled.

Robinson's argument that Judge Stafford erred in concluding that he used his car to flee the scene of a crime is unavailing. He claims that there is a difference between leaving the scene of a crime and fleeing, which is defined as leaving to avoid capture. Even if Robinson is correct, the crime identified by the officers was larceny and the stolen phone was found on Robinson's person in the vehicle. Mich. Comp. Laws § 257.252d(1)(e) authorizes the police to impound a vehicle if there is reasonable cause to believe that it was used in the commission of a crime or to preserve evidence of a crime. A vehicle containing evidence of a crime is sufficient under Michigan law to trigger the right to impound under Mich. Comp. Laws § 257.252d(1)(e). *See People v. Jendrzejewski*, No. 206465, 1997 WL 33330614, at *2 (Mich. Ct. App. Dec. 30, 1997) ("Based upon the observations of the officers of the gun case and wire snips, in plain view through the windows of the vehicle, it was reasonable to believe the vehicle contained evidence of a crime."). The stolen phone was in Robinson's possession inside the vehicle.

8

Accordingly, officers were authorized to impound the vehicle under Michigan law and their actions did not violate the policy identified by Robinson. Robinson's first objection is overruled.

    B.    <u>Objection No. 2</u>

In his second objection, Robinson argues that Judge Stafford erred in her assessment regarding the search of his vehicle. She stated officers had probable cause to believe the vehicle contained the complaining witness's stolen phone and thus, the search was constitutional and finding otherwise would suggest that his conviction was for stealing the phone was invalid, in violation of *Heck*. Robinson argues that the phone was not obtained from the search of his vehicle, but from the search of his person, citing the Statement in Support of Probable Cause which ways that "[Robinson] was taken into custody and has $208.00 and the pink cell phone on his person." (ECF No. 52, PageID.251). Robinson misses the point that the pink cell phone was found on his person, *inside the vehicle*. (ECF No. 30-2, PageID.102, Officer Farlin observed Robinson, the driver of the vehicle, while seated in the vehicle, "holding and looking down at a cell phone with a pink case."). Judge Stafford correctly concluded the officers had probable cause to believe that the stolen phone was in the vehicle when they observed Robinson holding a pink cell phone matching the description of the phone by the

complaining witness, and a finding otherwise would suggest that Robinson's conviction was invalid, thus barring this § 1983 complaint under *Heck v. Humphrey*. Accordingly, this objection is overruled.

## V.   CONCLUSION

For the reasons set forth above, the court **ACCEPTS** and **ADOPTS** the July 14 Report and Recommendation and **DISMISSES** this matter as barred by *Heck v. Humphrey*. The court notes that Magistrate Judge Stafford previously issued two Reports and Recommendations regarding Plaintiff's motion for the release of his vehicle (ECF Nos. 36 and 46). Those Reports and Recommendations and all pending motions are **TERMINATED** as moot (ECF Nos. 29, 36, 43, 46), given the court's dismissal of this lawsuit in its entirety.

**SO ORDERED**.

Date: September 13, 2023         s/F. Kay Behm
                                 F. Kay Behm
                                 United States District Judge